UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS

    Plaintiff,

vs.

CONSECO LIFE INSURANCE
COMPANY, f/k/a MASSACHUSETTS
GENERAL LIFE INSURANCE COMPANY,

    Defendant.

CASE NO.: 00-06047

CIV-HURLEY

MAGISTRATE JUDGE
LYNCH

NIGHT BOX FILED

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT, CONSECO LIFE INSURANCE COMPANY'S, F/K/A MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CONSECO LIFE INSURANCE COMPANY, f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, ("CONSECO"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules, hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### I. ANSWER

1. CONSECO is without sufficient knowledge to either admit or deny the allegations set forth in Paragraphs 1, 5 and 6 and therefore, denies same and demands strict proof thereof at time of trial.

2. CONSECO admitts the allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint.

3. With respect to the allegations contained in Paragraph 4 of Plaintiff's Complaint, CONSECO admits that a life insurance policy was issued in favor of CRYSTAL MEARS subject to all its terms, conditions, limitations, exclusions and legal requirements.   Except as so

admitted, it denies the remaining allegations of Paragraph 4 and demands strict proof thereof at time of trial

4. CONSECO denies Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof at time of trial.

5. Defendant, CONSECO denies each and every allegation contained in Plaintiff's Complaint not herein admitted, controverted or specifically denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action against CONSECO upon which relief can be granted.

2. Plaintiff, STEVEN MEARS, has failed to state a cause of action in that CONSECO owed no duty, by contract, statute or otherwise, to the Plaintiff for coverage for the losses specified and/or the allegations made in the Complaint. Therefore, Plaintiff is not entitled to the relief set forth in the Complaint.

3. Plaintiff, STEVEN MEARS, failed to meet all conditions precedent to the filing of the Complaint and, therefore, Plaintiff is not entitled to the recovery requested in the Complaint.

4. Plaintiff, STEVEN MEARS has waived coverage and is estopped from asserting coverage and, accordingly, Plaintiff is not entitled to the relief requested in the Complaint.

5. The insurance application as well as the insurance contract and all its parts, between Plaintiff and Defendant, is clear and unambiguous, and must be afforded its plain and ordinary language interpretation.

MEARS vs. CONSECO LIFE INSURANCE COMPANY
Page 3

6.    The claims made against CONSECO are either not covered and/or excluded under the policy of insurance between the parties.

7.    Plaintiff, STEVEN MEARS, has failed to mitigate his damages, if any.

8.    CONSECO has complied with the Florida law and/or statutory obligations and duties to the Plaintiff under this policy. CONSECO has acted, at all times material hereto, in good faith.

9.    Each and every act or statement done or made by CONSECO and its officers, employees and/or agents, if any, with reference to Plaintiff, was a good faith assertion of CONSECO' rights and, therefore, was privileged and/or justified.

10.    CONSECO's handling of Plaintiff's claims for benefits, complied fully with the terms and conditions of the Policy.

11.    Plaintiff's claim for consequential damages are barred by Florida's Economic Loss Doctrine.

12.    Plaintiff's claims are barred under Florida Statute § 627.409 and Florida Common Law because the insured, CRYSTAL MEARS, made material misrepresentations, omissions and concealed facts concerning her status in the application for the insurance policy issued by CONSECO to CRYSTAL MEARS. These misrepresentations and/or omissions by CRYSTAL MEARS were not only material to the risk undertaken by CONSECO in issuing the policy, but were, alternatively, fraudulent as well, and CONSECO would not have issued the policy as applied for had it known of the true facts. Accordingly, the insurance policy is void and of no force and effect since its inception and CONSECO never has nor will become liable

MEARS vs. CONSECO LIFE INSURANCE COMPANY
Page 4

to any one thereunder.

13. Plaintiff's claims for relief are barred by the Doctrine of Unclean Hands.

14. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, in that, inter alia, the policy sued upon is of no force or effect since its inception due to material misrepresentations and/or omissions by CRYSTAL MEARS in the application for the policy and thereafter.

15. No insurance broker and/or agent had the authority to make or modify contracts on behalf of CONSECO, waive any of CONSECO's rights or requirements or change the insured's responses contained in any application for insurance.

16. CONSECO demands Plaintiff's Complaint be dismissed with prejudice and judgment be entered in this Defendant's favor; that it be awarded the costs of the suit and attorney's fees pursuant to applicable Florida Statutes, including, but not limited to, § 57.105; and that it be awarded any such other relief as is appropriate under the facts and circumstances of this case.

CONSECO reserves the right to amend its affirmative defenses.

**WHEREFORE**, having answered Plaintiff's Complaint in full, Defendant, CONSECO HEALTH INSURANCE COMPANY demands judgment in its favor including attorneys' fees and taxable costs against Plaintiff.

MEARS vs. CONSECO LIFE INSURANCE COMPANY
Page 5

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via U.S. mail on this 10th day of January, 2000 to: **MICHAEL C. MATTSON, ESQUIRE**, Counsel for Plaintiff, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., 2312 Wilton Drive, P.O. Box 14546, Ft. Lauderdale, Florida 33302.

LUKS, KOLEOS & SANTANIELLO, P.A.
515 E. Las Olas Boulevard, Suite 1050
Fort Lauderdale, Florida 33301
(954) 761-9900
(954) 524-1135 FAX
Attorneys for Defendant, **CONSECO**

_____
DANIEL J. KOLEOS
Florida Bar No.: 516325
ALAN S. ROSENBERG
Florida Bar No.: 981400

E:\DOCS\MEARS.CON\ANSWER.1