UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

    Plaintiff,

vs.

CONSECO LIFE INSURANCE COMPANY
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.
_____\

CASE NO.:00-6047-CIV-HURLEY



### DEFENDANT, CONSECO LIFE INSURANCE COMPANY'S f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, REQUEST FOR PRODUCTION TO PLAINTIFF, STEVEN MEARS

Defendant, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY ("MASSACHUSETTS LIFE"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 35 requests Plaintiff, STEVEN MEARS, to produce and permit the inspection and copying of the following documents at undersigned counsel's office within the time prescribed by the Federal Rules of Civil Procedure.

1. All documents that discuss, constitute or refer to the purchase of any life insurance policy from MASSACHUSETTS LIFE including, but not limited to, insurance applications, insurance policies, declaration pages, jackets, advertising materials, binders, riders, correspondence, business cards of representatives for MASSACHUSETTS LIFE, etc.

2. All documents that discuss, constitute or refer to the purchase of any life insurance policy from any company other than MASSACHUSETTS LIFE including, but not limited to, insurance applications, insurance policies, declaration pages, jackets, advertising materials, binders, riders, correspondence, business cards of representatives for MASSACHUSETTS LIFE, etc.

NON-COMPLIANCE OF S.D. fla. L.R. 5.1(B)

CASE NO.:00-6047-CIV-HURLEY
Page 2

3. All documents that discuss, constitute or refer to any life insurance coverage which the Plaintiffs purchased or of which the Plaintiffs were/are the beneficiary from any insurance company between 1985 to the present including, but not limited to, insurance applications, insurance policies, declaration pages, jackets, advertising materials, binders, riders, correspondence, business cards of representatives for MASSACHUSETTS LIFE, etc.

4. All documents that discuss, constitute or refer to the Plaintiff's replacement and/or surrender of any insurance policy from MASSACHUSETTS LIFE.

5. All documents that discuss, constitute or refer to correspondence and/or communication between CRYSTAL MEARS, the Plaintiff and MASSACHUSETTS LIFE and/or any present or former agent or employee of MASSACHUSETTS LIFE.

6. All documents that discuss, constitute or refer to correspondence and/or communication between CRYSTAL MEARS, the Plaintiff or anyone acting on the Plaintiff's behalf and any state insurance regulator.

7. All documents that discuss, refer to or relate to any meeting and/or communication CRYSTAL MEARS or the Plaintiff had with any person selling or purporting to sell any MASSACHUSETTS LIFE life insurance policy.

8. All documents that discuss, constitute or refer to any sales presentation made to the Plaintiff for any MASSACHUSETTS LIFE life insurance policy.

9. All documents relating to any advice, counsel or guidance from any person regarding any MASSACHUSETTS LIFE life insurance policy other than from the Plaintiff's attorney in this litigation.

10. All documents that discuss, constitute or refer to any conversation or communication CRYSTAL MEARS, the Plaintiff or their agent had with any person relating to any MASSACHUSETTS LIFE life insurance policy at any point up to the present other than with respect to communications with the Plaintiff's attorney.

11. All documents that evidence, refer or relate to any payments made by the Plaintiff to MASSACHUSETTS LIFE. This request includes any canceled checks, check registers or account statements held by Plaintiff.

12. All documents relating to any payments made by MASSACHUSETTS LIFE to the Plaintiff.

13. All documents the Plaintiff received relating to the due dates, methods of payments or premium amounts of any MASSACHUSETTS LIFE life insurance policy.

14. All documents relating to any policy of insurance purchased to replace or supplement any MASSACHUSETTS LIFE life insurance policy either during or after your purchase of insurance from MASSACHUSETTS LIFE.

15. All documents that discuss, constitute or refer to any insurance policies the Plaintiff purchased or considered purchasing before and/or after the date on which the Plaintiff purchased insurance from MASSACHUSETTS LIFE.

16. All documents that discuss, constitute or refer to any and all life insurance policies issued to the Plaintiff whether or not issued by MASSACHUSETTS LIFE.

17. A complete copy of all MASSACHUSETTS LIFE insurance policies in the Plaintiff's possession on which the Plaintiff is named as the policyholder, insured or beneficiary.

18. All documents that constitute, discuss or refer to any policy or investment with MASSACHUSETTS LIFE.

19. All documents on which you rely to establish your claims in this lawsuit other than those generated by the Plaintiff's attorney in this case.

20. All documents on which support or relate to the damages claimed by the Plaintiff in the Complaint.

21. All documents that refer or relate to MASSACHUSETTS LIFE.

22. All documents reflecting each written or oral communication by the Plaintiff (or someone on the Plaintiff's behalf) with each present or former representative or employee of any federal, state or local agency, including any state department of insurance or office of insurance commissioner regarding any provider of insurance, annuities or financial planning services, including MASSACHUSETTS LIFE.

23. All documents reflecting each written or oral communication by the Plaintiff (or someone on the Plaintiff's behalf) with each present or former employee or representative of any federal, state or local agency, including any state or department of insurance or office of insurance commissioner regarding any insurance policy, annuity or financial planning product.

CASE NO.:00-6047-CIV-HURLEY
Page 4

24. Any and all medical records in the Plaintiff's possession, custody or control for CRYSTAL MEARS, Decedent.

25. All documents or items of tangible property that Plaintiff do not intend to produce at the time of trial, but where Plaintiff may produce testimony or other evidence representing the nature, content or characteristics of such documents or items of tangible property.

26. All documents or items of tangible property that Plaintiff may use at trial for any purpose whatsoever.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail to: MICHAEL C. MATTSON, ESQUIRE, Counsel for Plaintiff, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., 2312 Wilton Drive, P.O. Box 14546, Ft. Lauderdale, Florida 33302 this ___ day of February, 2000.

Luks, Koleos & Santaniello, P.A.
SunTrust Centre, Suite 1050
515 E. Las Olas Boulevard
Fort Lauderdale, Florida 33301
(954) 761-9900

By:_____
Daniel J. Koleos
Florida Bar No. 516325
Alan S. Rosenberg
Florida Bar No. 981400

E:\DOCS\MEARS.CON\REQUEST.PRO