UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

    Plaintiff,

vs.

CONSECO LIFE INSURANCE COMPANY
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.

_____\

CASE NO.:00-6047-CIV-HURLEY
Magistrate Judge Lynch

### DEFENDANT, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PORTIONS OF CLAIM FILE

Defendant, Conseco Life Insurance Company F/k/a Massachusetts General Life Insurance Company ("MASSACHUSETTS GENERAL"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, hereby submits the following Memorandum of Law in Opposition to Plaintiff's Motion to Compel Production of Portions of the Claim File, and states as follows:

This is an action brought by a beneficiary of a life insurance policy against MASSACHUSETTS GENERAL for payment of a death benefit under a life insurance contract between the Plaintiff's deceased wife, and MASSACHUSETTS GENERAL. Defendant, MASSACHUSETTS GENERAL, has denied coverage due to, among other things, a material misrepresentation in the application for insurance. It is Massachusetts General's position that the policy is void *abinitio* due to the material misrepresentation and that no death benefits are owed to Plaintiff.



CASE NO.:00-6047-CIV-HURLEY
Magistrate Judge Lynch
Page 2

In the initial stages of litigation, Plaintiff, STEVEN MEARS served a Request to Produce of which the Defendant fully complied and asserted certain objections to the production of documents.[1]

The only disputed materials withheld from production and subject to Plaintiff's Motion to Compel are underwriting worksheets and internal memoranda and correspondence, post claim and in anticipation of litigation. Plaintiff certainly concedes and is not entitled to claim file internal documents, post litigation, nor any correspondence between counsel and Defendant prepared both in anticipation of litigation and during the litigation process.

A further review of the instant action reveals that at or about the time of the application for life insurance, Defendant asserts that Plaintiff knew or should have known of her physical condition (ovarian cancer) which would have automatically disqualified Plaintiff from procuring the life insurance product at issue in this litigation.

Upon death and notification to the Defendant, and during the two year contestability period, Defendant, MASSACHUSETTS GENERAL, simply requests medical documentation and information surrounding the cause of death in its evaluation of the death claim. A defendant such as MASSACHUSETTS GENERAL existing in this litigious society, reasonably anticipates litigation upon a denial of a death benefit claim during the contestability period.

This action is currently a breach of contract action to determine the existence or non-

---

[1] Plaintiff in his Motion to Compel Production of Portions of the Claim File failed to follow the local and federal rules by not attaching a copy of the Defendant's responses to Plaintiff's Request for Production of Documents. Defendant, MASSACHUSETTS GENERAL, hereby attaches as Exhibit "A" a complete copy of Plaintiff's Request to Produce and Defendant's answers and objections to the same.

existence of coverage based upon Plaintiff, STEVEN MEARS' claims and Defendant, MASSACHUSETTS GENERAL's defenses. There is no bad faith claim, at this time, as the same is not ripe until the establishment, if ever, of a breach of contract. The Defendant's internal manuals or claim and litigation files are not subject to discovery until potential bad faith claims become ripe, if ever, following the resolution of coverage claims. See, State Farm Mutual Automobile Insurance Company v. Cook, 744 So. 2d 567 (Fla. 2d DCA 1999), and State Farm Fire and Casualty Company v. Martin, 673 So. 2d 518 (Fla. 5th DCA 1996). Although not in the automobile context, the instant action is similar in that Plaintiff's request for documents regarding claim file and underwriting materials in a breach of contract coverage action would pierce the Attorney-Client Work Product Privileges and allow Plaintiff to discover documents originated in anticipation of litigation.

Due to the disputed discovery claim, at this time, Defendant, MASSACHUSETTS GENERAL, respectfully requests this Court deny Plaintiff, STEVEN MEARS' Motion to Compel Production of Portions of the Claim file and prohibit production of underwriting materials in its possession and claims information prior to the official notice of suit. Alternatively, Defendant, MASSACHUSETTS GENERAL concurs respectfully that this Court may review the withheld documents, *In camera*, and determine whether they are privileged, prepared in anticipation of litigation and should be withheld.

**WHEREFORE**, Defendant, Conseco Life Insurance Company F/k/a Massachusetts General Life Insurance Company respectfully requests this Court deny Plaintiff, STEVEN MEARS' Motion to Compel Production of Portions of Claim File served under Certificate of

CASE NO.:00-6047-CIV-HURLEY
Magistrate Judge Lynch
Page 4

Service July 6, 2000 as those documents requested are either protected by Attorney-Client, Work Product Privileges or prepared in anticipation of litigation and, are not discoverable.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail to: MICHAEL C. MATTSON, ESQUIRE, Counsel for Plaintiff, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., 2312 Wilton Drive, P.O. Box 14546, Ft. Lauderdale, Florida 33302 this 1Y day of July, 2000.

Luks, Koleos & Santaniello, P.A.
SunTrust Centre, Suite 1050
515 E. Las Olas Boulevard
Fort Lauderdale, Florida 33301
(954) 761-9900
Attorneys for **CONSECO LIFE INSURANCE COMPANY**

By:_____
Daniel J. Koleos
Florida Bar No. 516325
Alan S. Rosenberg
Florida Bar No. 981400

E:\DOCS\MEARS.CON\RESPCOMP.MOT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

    Plaintiff,

vs.

CONSECO LIFE INSURANCE COMPANY,
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

CASE NO. 00-6047-CIV-HURLEY
MAGISTRATE JUDGE FRANK J. LYNCH

### REQUEST TO PRODUCE

Plaintiff, STEVEN MEARS, by and through his undersigned counsel, and hereby requests the Defendant, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, to produce the following documents, or legible copies of the following documents, at the offices of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Post Office Box 14546, Fort Lauderdale, Florida, within thirty (30) days of the date of this Request:

1.    The entire claim file for claim number 982924 maintained by Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company pertaining to Crystal L. Mears.

2.    A copy of the complete file maintained by Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company pertaining to issuance of policy number 1090305893 issued to Crystal L. Mears including but not limited to insurance applications,

EXHIBIT A

15

LAW OFFICES
COONEY, MATTSON, LANCE, BLACKBURN, RICHARDS & O'CO[NNOR]
P.O. BOX 14546, FORT LAUDERDALE, FLORIDA 33302 · TEL. (954) 568-6669

insurance policies, declaration pages, jackets, advertising materials, binders, riders, correspondence, business cards, medical records, etc.

3. All documents that discuss, constitute, or refer to correspondence and/or communication between Crystal L. Mears, the plaintiff, and Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company and/or any present or former agent or employee of Massachusetts General Life Insurance Company.

4. All documents on which Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company relies upon to support its affirmative defenses.

5. All documents which support Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company's assertion that Crystal L. Mears and the plaintiff were aware of a pre-existing condition which would have voided the subject policy.

6. All documents that refer or relate to Crystal L. Mears and/or Steven Mears generated by Massachusetts General Life Insurance Company.

7. All documents reflecting each written or oral communication between each present or former representative or employee of Massachusetts General Life Insurance Company and the plaintiff (or someone on the plaintiff's behalf).

8. Any and all medical records in the possession of Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company pertaining to Crystal L. Mears, decedent.

9. All documents or items of tangible property that Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company does not intend to produce at

CASE NO: 00-6047-CIV-HURLEY

the time of trial, but where defendants may produce testimony or other evidence representing the nature, content or characteristics of such documents or items of tangible property.

10. All documents or items of tangible property that Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company may use at trial for any purpose whatsoever.

WE HEREBY CERTIFY that a true copy of the foregoing has been furnished by United States Mail this 3rd day of April, 2000, to: ALAN S. ROSENBERG, ESQ., Luks, Koleos & Santaniello, P.A., Attorney for Conseco, 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, Florida 33301.

                                               COONEY, MATTSON, LANCE, BLACKBURN,
                                               RICHARDS & O'CONNOR, P.A.
                                               Attorney for the Plaintiff
                                               2312 Wilton Drive
                                               Post Office Box 14546
                                               Fort Lauderdale, FL 33302
                                               (954) 568-6669

BY _____
            MICHAEL C. MATTSON, ESQ.
            Florida Bar No. 308242

LAW OFFICES
## LUKS, KOLEOS & SANTANIELLO
A PROFESSIONAL ASSOCIATION

ONE MACK-CALI CENTER
501 E. KENNEDY BOULEVARD
SUITE 1275
TAMPA, FLORIDA 33602

TELEPHONE: (813) 226-0081
FACSIMILE: (813) 226-0082
E-MAIL: LKS.TAMPA@AOL.COM

SUNTRUST CENTER
515 E. LAS OLAS BOULEVARD
SUITE 1050
FORT LAUDERDALE, FLORIDA 33301

INTERNET: WWW.LKSPA.COM

REPLY ONLY TO:
FORT LAUDERDALE OFFICE

TELEPHONE (954) 76-9900
FACSIMILE (954) 524-135
MIAMI (305) 377-8900
E-MAIL: LKSPA@AOL.COM

June 2, 2000

Laura S. Douglas, Esq.
Cooney, Mattson, Lance, Blackburn,
Richards & O'Connor
2312 Wilton Drive
P.O. Box 14546
Fort Lauderdale, Fl 33302

RE: Steven Mears v. Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company
Case No. : 99-020629 CACE 04

Dear Laura:

With respect to documents withheld as a result of a claim of privilege, please be advised that the documents withheld are the following:

1.) Claim file internal documents, post litigation;
2.) Underwriting worksheets; and
3.) Internal memoranda and correspondence, post claim and in anticipation of litigation.

Finally, any correspondence between myself and my client are also withheld under Attorney-Client, Work-Product Privileges. Otherwise, we have provided you with all documents in our possession, care, custody and control responsive to your interrogatories and request for production.

If you still require a specific privilege log, kindly let me know. However, this should satisfy your query with respect to documents not produced.

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

ALAN S. ROSENBERG

ASR:cmo
cc: Julia Marshall, Esquire
E:\DOCS\MEARS.CON\MATTSON.6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

    Plaintiff,      CASE NO. 00-6047-CIV-HURLEY
              MAGISTRATE JUDGE FRANK J. LYNCH
vs.

CONSECO LIFE INSURANCE COMPANY,
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

## PROPOSED ORDER

This case, having come before the Court on Plaintiff, STEVEN MEARS, compelling the defendant to produce additional portions of its claim file, and the court having been duly advised of the parties' agreement, it is,

**ORDERED and ADJUDGED** that Plaintiff's Motion is GRANTED.

DONE and ORDERED in chambers, West Palm Beach, Palm Beach County, Florida this _____ day of _____, 2000

              _____
              DISTRICT COURT JUDGE

cc: Alan S. Rosenberg, Esq., Luks, Koleos & Santaniello, P.A., Attorney For Conseco, 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, Florida 33301.
   Michael C. Mattson, Esq., Cooney Mattson et al, P.O. Box 14546, Fort Lauderdale, Florida 33302.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,                                              CASE NO.:00-6047-CIV-HURLEY

    Plaintiff,

vs.

CONSECO LIFE INSURANCE COMPANY
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.
_____\

**DEFENDANT, CONSECO LIFE INSURANCE COMPANY F/K/A MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY'S RESPONSES TO PLAINTIFF, STEVEN MEARS' REQUEST TO PRODUCE DATED APRIL 5, 2000**

Defendant, CONSECO LIFE INSURANCE COMPANY F/K/A MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY ("CONSECO"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby responds to Plaintiff, STEVEN MEARS' Request for Production, served under Certificate of Service dated April 5, 2000, as follows:

1. Defendant, CONSECO, specifically objects to claim file materials which may be protected by Attorney-Client, Work Product Privileges. Much of the claim file materials and information were originated in anticipation of litigation or during the course of litigation. However, without waiving said objection, non-privileged portions of the claim file will be made available for copying and inspection at the undersigned counsel's office at a mutually agreeable date and time.

2. Any and all non-privileged documents in Defendant, CONSECO's possession, custody and control, at this time, will be provided for inspection and copying at the undersigned counsel's office at a mutually agreeable date and time.

3. Any and all non-privileged documents in Defendant, CONSECO's possession, custody and control, at this time, will be provided for inspection and copying at the undersigned counsel's office at a mutually agreeable date and time.

4. Defendant, CONSECO, objects to this request for production as the same is vague, ambiguous, not limited in time and scope, and not reasonably calculated to lead to discovery of admissible evidence. Additionally, CONSECO objects to Request to Produce No. 4 as documents responsive to this Request are protected by Attorney-Client, Work-Product Privileges and call for legal conclusions. However, without waiving said objections, many of the documents responsive to the other Requests for Production support its affirmative defenses and therefore may be responsive to this Request.

5. Any and all non-privileged documents in Defendant, CONSECO's possession, custody and control, at this time, will be provided for inspection and copying at the undersigned counsel's office at a mutually agreeable date and time.

6. Defendant, CONSECO, objects to this Request to Produce as the same is vague, ambiguous, not limited in time and scope, not reasonably calculated to lead to discovery of admissible evidence. Additionally, CONSECO does not necessarily understand the Request and is unable to provide a response at this time. Finally, the documents that might be responsive to this Request are protected by Attorney-Client, Work-Product Privileges.

7. Any and all non-privileged documents in Defendant, CONSECO's possession, custody and control, at this time, will be provided for inspection and copying at the undersigned counsel's office at a mutually agreeable date and time.

8. Any and all non-privileged documents in Defendant, CONSECO's possession, custody and control, at this time, will be provided for inspection and copying at the undersigned counsel's office at a mutually agreeable date and time.

9. Undetermined at this time. Additionally, CONSECO objects to this Request as being vague, overbroad, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Finally, documents that might be responsive to Request to Produce may be protected by Attorney-Client, Work-Product Privileges.

10. Undetermined at this time. Additionally, CONSECO objects to this Request as being vague, overbroad, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. Finally, documents that might be responsive to Request to Produce may be protected by Attorney-Client, Work-Product Privileges.

CASE NO.:00-6047-CIV-HURLEY
Page 3

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail to: MICHAEL C. MATTSON, ESQUIRE, Counsel for Plaintiff, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., 2312 Wilton Drive, P.O. Box 14546, Ft. Lauderdale, Florida 33302 this 25 day of May, 2000.

        Luks, Koleos & Santaniello, P.A.
        SunTrust Centre, Suite 1050
        515 E. Las Olas Boulevard
        Fort Lauderdale, Florida 33301
        (954) 761-9900
        Attorneys for CONSECO LIFE INSURANCE COMPANY

By: _____
        Daniel J. Koleos
        Florida Bar No. 516325
        Alan S. Rosenberg
        Florida Bar No. 981400

E:\DOCS\MEARS.CON\RESPONSE.RQP