UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

    Plaintiff,

vs.

CASE NO.:00-6047-CIV-HURLEY
Magistrate Judge Lynch

CONSECO LIFE INSURANCE COMPANY
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.
_____\

**DEFENDANT, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY'S MOTION TO STRIKE IN OPPOSITION TO PLAINTIFF, STEVEN MEARS' MOTION TO COMPEL PRODUCTION OF PORTIONS OF CLAIM FILE SERVED UNDER CERTIFICATE OF SERVICE DATED JULY 6, 2000**

Defendant, Conseco Life Insurance Company F/k/a Massachusetts General Life Insurance Company ("MASSACHUSETTS GENERAL"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Southern District Local Rule 26.1(C) and 26.1(H)(2), hereby serves this Motion to Strike in Opposition to Plaintiff's Motion to Compel Production of Portions of Claim File served under Certificate of Service dated July 6, 2000, and further states as follows:

    1.    Plaintiff, STEVEN MEARS, served his Motion to Compel Production of Portions of Claim File served under Certificate of Service dated July 6, 2000 (See Exhibit "A") but did not do so pursuant to the mandate of the Southern District Local Rule, 26.1(C) and 26.1(H)(2), to wit:

> If relief is sought under any of the Federal Rules of Civil
> Procedure, copies of the discovery materials in dispute shall be



CASE NO.:00-6047-CIV-HURLEY
Magistrate Judge Lynch
Page 2

filed with the Court contemporaneously with any motion filed under these Rules by the party seeking to invoke the Court's relief.

Except for motions granted upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery, motions to compel discovery in accordance with Rules 33, 34, 36 and 37, Federal Rules of Civil Procedure, shall quote verbatim each interrogatory, request for admission or request for production and the response to which objections is taken followed by (a) the specific objections, (b) the grounds assigned for the objection (if not apparent from the objection), and (c) the reasons assigned as supporting the motion, all of which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory or request and may not be made generally.

2. Plaintiff, STEVEN MEARS, in the Motion to Compel Portions of Claim File merely responded generally that it was entitled to the objected documents but did not enumerate the specific reasons for granting a motion to compel, as it related to each objected request for production.

3. Nevertheless, MASSACHUSETTS GENERAL timely served a Memorandum of Law in Opposition to Plaintiff's Motion to Compel Production of Portions of Claim File, contemporaneously with this Motion to Strike and timely served the instant Motion to Strike pursuant to Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Southern District of Florida.

**WHEREFORE**, for good cause shown, Defendant, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, respectfully

CASE NO.:00-6047-CIV-HURLEY
Magistrate Judge Lynch
Page 3

requests this Court grant its Motion to Strike Plaintiff, STEVEN MEARS' Motion to Compel Production of Portions of Claim File served under Certificate of Service Dated July 6, 2000 in that Plaintiff did not serve its Motion to Compel and supporting memorandum of law pursuant to the Local Rules for the Southern District of Florida and merely responded generally that it was entitled to objected documents but did not enumerate the specific reasons for granting the Motion to Compel as it related to each objected request for production.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via U.S. Mail to: MICHAEL C. MATTSON, ESQUIRE, Counsel for Plaintiff, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., 2312 Wilton Drive, P.O. Box 14546, Ft. Lauderdale, Florida 33302 this ____ day of July, 2000.

>Luks, Koleos & Santaniello, P.A.
>SunTrust Centre, Suite 1050
>515 E. Las Olas Boulevard
>Fort Lauderdale, Florida 33301
>(954) 761-9900
>Attorneys for **CONSECO LIFE INSURANCE COMPANY**
>
>By:_____
>Daniel J. Koleos
>Florida Bar No. 516325
>Alan S. Rosenberg
>Florida Bar No. 981400

E:\DOCS\MEARS.CON\STRIKE.MOT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



STEVEN MEARS,

    Plaintiff,

vs.

CONSECO LIFE INSURANCE COMPANY,
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

CASE NO. 00-6047-CIV-HURLEY
MAGISTRATE JUDGE FRANK J. LYNCH

## MOTION TO COMPEL PRODUCTION OF PORTIONS OF CLAIM FILE

Plaintiff, STEVEN MEARS, by and through undersigned counsel, files this motion to compel the defendant to produce additional portions of its claim file as follows:

1. Plaintiff has filed this action for breach of contract based on the defendant's refusal to pay on a life insurance policy issued in favor of his wife, Crystal Mears ("decedent"). Citing as a basis for recission of the policy a pre-existing condition that the decedent failed to disclose, the defendant returned the premiums paid for the policy to the plaintiff and refused to tender death benefits.

2. On April 5, 2000, plaintiff served a request for production on the defendant that requested, *inter alia*, the entire claim file surrounding the underlying claim for death benefits, as well as the complete file maintained by the defendant pertaining to the issuance of the policy in the first place. A copy of the request is attached to this motion as Exhibit A.



LAW OFFICES
COONEY, MATTSON, LANCE, BLACKBURN, RICHARDS & O'CONNOR
P.O. BOX 14546, FORT LAUDERDALE, FLORIDA 33302 · TEL. (954) 568-6669

CASE NO: 00-6047-CIV-HURLEY

3. While defendant sent portions of the relevant file(s), it retained certain documents that it claimed were privileged. A copy of correspondence dated June 2, 2000, detailing the portions of the documents withheld, is attached to this motion as Exhibit B.

4. Defendant has not produced any documents detailing underwriting information with respect to the issuance of the subject policy, nor has defendant produced any internal documents regarding the claim for death benefits filed by the plaintiff.

5. First, there is no basis for a claim of privilege as it relates to underwriting information pertaining to this policy. In order to rescind the policy based on a material misrepresentation pursuant to Florida Statute §627.409, the insurer must prove that if it had known the correct facts it would have acted differently in underwriting the policy. Accordingly, it is imperative that plaintiff have the underwriting documents regarding this policy so as to determine the basis upon which the policy was issued in the first place, and also the underwriting criteria that may have required a different course of action were the "true facts" known.

6. Moreover, with respect to the claims information withheld by the defendant, it has produced absolutely no internal information regarding this claim. While there is certainly a point at which litigation becomes anticipated when a claim is denied, the initial steps taken by an insurance company are simply in furtherance of the standard claims evaluation and the memoranda, notes, or other documents detailing those steps are discoverable. *See, e.g., Carver v. Allstate Ins. Co.*, 94 F.R.D. 131 (S.D. Ga. 1982); *Garvey v. Nat'l Grange Mut. Ins. Co.*, 167 F.R.D. 391 (E.D. Pa. 1996).

CASE NO: 00-6047-CIV-HURLEY

7. Accordingly, plaintiff respectfully requests that this Court order the defendant to produce any underwriting material in its possession, and also to produce any claims information in its possession prior to notice of suit. Alternatively, plaintiff respectfully requests this Court to review the withheld documents *in camera* and determine whether they were prepared in anticipation of litigation.

8. Undersigned counsel certifies that opposing counsel was contacted regarding this motion and that an agreement could not be reached.

WE HEREBY CERTIFY that a true copy of the foregoing has been furnished by United States Mail this 6th day of July, 2000, to: ALAN S. ROSENBERG, ESQ., Luks, Koleos & Santaniello, P.A., Attorney for Conseco, 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, Florida 33301.

COONEY, MATTSON, LANCE, BLACKBURN,
RICHARDS & O'CONNOR, P.A.
Attorney for the Plaintiff
2312 Wilton Drive
Post Office Box 14546
Fort Lauderdale, FL 33302
(954) 568-6669

BY: _____
MICHAEL C. MATTSON, ESQ.
Florida Bar No. 308242

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

        Plaintiff,

vs.

CONSECO LIFE INSURANCE COMPANY,
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

        Defendant.
_____/

CASE NO. 00-6047-CIV-HURLEY
MAGISTRATE JUDGE FRANK J. LYNCH

## REQUEST TO PRODUCE

Plaintiff, STEVEN MEARS, by and through his undersigned counsel, and hereby requests the Defendant, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, to produce the following documents, or legible copies of the following documents, at the offices of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Post Office Box 14546, Fort Lauderdale, Florida, within thirty (30) days of the date of this Request:

1. The entire claim file for claim number 982924 maintained by Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company pertaining to Crystal L. Mears.

2. A copy of the complete file maintained by Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company pertaining to issuance of policy number 1090305893 issued to Crystal L. Mears including but not limited to insurance applications,

LAW OFFICES
COONEY, MATTSON, LANCE, BLACKBURN, RICHARDS & O'CONNOR, P.A.
P.O. BOX 14546, FORT LAUDERDALE, FLORIDA 33302 · TEL. (954) 568-6669

15

CASE NO: 00-6047-CIV-HURLEY

insurance policies, declaration pages, jackets, advertising materials, binders, riders, correspondence, business cards, medical records, etc.

3. All documents that discuss, constitute, or refer to correspondence and/or communication between Crystal L. Mears, the plaintiff, and Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company and/or any present or former agent or employee of Massachusetts General Life Insurance Company.

4. All documents on which Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company relies upon to support its affirmative defenses.

5. All documents which support Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company's assertion that Crystal L. Mears and the plaintiff were aware of a pre-existing condition which would have voided the subject policy.

6. All documents that refer or relate to Crystal L. Mears and/or Steven Mears generated by Massachusetts General Life Insurance Company.

7. All documents reflecting each written or oral communication between each present or former representative or employee of Massachusetts General Life Insurance Company and the plaintiff (or someone on the plaintiff's behalf).

8. Any and all medical records in the possession of Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company pertaining to Crystal L. Mears, decedent.

9. All documents or items of tangible property that Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company does not intend to produce at

LAW OFFICES
COONEY, MATTSON, LANCE, BLACKBURN, RICHARDS & O'CONNOR, P.A.
P.O. BOX 14546, FORT LAUDERDALE, FLORIDA 33302 • TEL. (954) 568-6669

CASE NO: 00-6047-CIV-HURLEY

the time of trial, but where defendants may produce testimony or other evidence representing the nature, content or characteristics of such documents or items of tangible property.

10. All documents or items of tangible property that Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company may use at trial for any purpose whatsoever.

WE HEREBY CERTIFY that a true copy of the foregoing has been furnished by United States Mail this 3rd day of April, 2000, to: ALAN S. ROSENBERG, ESQ., Luks, Koleos & Santaniello, P.A., Attorney for Conseco, 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, Florida 33301.

COONEY, MATTSON, LANCE, BLACKBURN,
RICHARDS & O'CONNOR, P.A.
Attorney for the Plaintiff
2312 Wilton Drive
Post Office Box 14546
Fort Lauderdale, FL 33302
(954) 568-6669

BY _____
MICHAEL C. MATTSON, ESQ.
Florida Bar No. 308242

LAW OFFICES
# LUKS, KOLEOS & SANTANIELLO
A PROFESSIONAL ASSOCIATION

ONE MACK-CALI CENTER
501 E. KENNEDY BOULEVARD
SUITE 1275
TAMPA, FLORIDA 33602

TELEPHONE: (813)226-0081
FACSIMILE: (813)226-0082
E-MAIL: LKS TAMPA@AOL COM

SUNTRUST CENTER
515 E. LAS OLAS BOULEVARD
SUITE 1050
FORT LAUDERDALE, FLORIDA 33301

INTERNET: WWW.LKSPA.COM

REPLY ONLY TO:
FORT LAUDERDALE OFFICE

TELEPHONE (954)76-9900
FACSIMILE (954)524-1135
MIAMI (305)377-8900
E-MAIL LKSPA@AOL.COM

June 2, 2000

Laura S. Douglas, Esq.
Cooney, Mattson, Lance, Blackburn,
Richards & O'Connor
2312 Wilton Drive
P.O. Box 14546
Fort Lauderdale, Fl 33302

RE: Steven Mears v. Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company
Case No. : 99-020629 CACE 04

Dear Laura:

With respect to documents withheld as a result of a claim of privilege, please be advised that the documents withheld are the following:

1.) Claim file internal documents, post litigation;
2.) Underwriting worksheets; and
3.) Internal memoranda and correspondence, post claim and in anticipation of litigation.

Finally, any correspondence between myself and my client are also withheld under Attorney-Client, Work-Product Privileges. Otherwise, we have provided you with all documents in our possession, care, custody and control responsive to your interrogatories and request for production.

If you still require a specific privilege log, kindly let me know. However, this should satisfy your query with respect to documents not produced.

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

ALAN S. ROSENBERG

ASR:cmo
cc: Julia Marshall, Esquire
E:\DOCS\MEARS.CON\MATTSON.6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

        Plaintiff,               CASE NO. 00-6047-CIV-HURLEY
                                                MAGISTRATE JUDGE FRANK J. LYNCH

vs.

CONSECO LIFE INSURANCE COMPANY,
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

        Defendant.
_____/

**PROPOSED ORDER**

This case, having come before the Court on Plaintiff, STEVEN MEARS, compelling the defendant to produce additional portions of its claim file, and the court having been duly advised of the parties' agreement, it is,

**ORDERED and ADJUDGED** that Plaintiff's Motion is GRANTED.

DONE and ORDERED in chambers, West Palm Beach, Palm Beach County, Florida this _____ day of _____, 2000

_____
DISTRICT COURT JUDGE

cc:    Alan S. Rosenberg, Esq., Luks, Koleos & Santaniello, P.A., Attorney For Conseco.
        515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, Florida 33301.
        Michael C. Mattson, Esq., Cooney Mattson et al, P.O. Box 14546, Fort Lauderdale,
        Florida 33302.