UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

    Plaintiff,

vs.

CASE NO. 00-6047-CIV-HURLEY
MAGISTRATE JUDGE FRANK J. LYNCH

CONSECO LIFE INSURANCE COMPANY,
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.

_____/



## REPLY TO DEFENDANT'S RESPONSE TO MOTION TO COMPEL

Plaintiff STEVEN MEARS, by and through undersigned counsel, files this reply to the defendant's response to his motion to compel as follows:

1. Defendant takes the position that any document involved in its denial of the claim is privileged as work product, as litigation is always anticipated when it denies a claim. In support, defendant cites Florida cases addressing this issue.

2. First, defendant's decision to remove this case now subjects it to the federal rules and precedent regarding work product, rather than state law. *See, e.g., Walsh v. Seaboard Surety Co.*, 184 F.R.D. 494, 496 n. 3 (D. Conn. 1999) (federal court sitting in diversity applies federal law to work product issues); *American Med. Sys., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 1999 WL 1138484 (E.D. La. 1999) (same).

LAW OFFICES
COONEY, MATTSON, LANCE, BLACKBURN, RICHARDS & O'CONNOR, P.A.
P.O. BOX 14546, FORT LAUDERDALE, FLORIDA 33302 · TEL. (954) 568-6669

CASE NO: 00-6047-CIV-HURLEY

3.   From this standpoint, federal courts recognize that underwriting and claims materials are generated in the ordinary course of an insurance company's business, and require the insurance company to meet a heightened burden of proving that any specific document was prepared in anticipation of litigation. For instance, in *Schmidt v. Cal. State Auto. Assoc.*, 127 F.R.D. 182 (D. Nev. 1989), the defendant insurance carrier refused to produce any portions of its claim file in relation to an accident for which plaintiff claimed the defendant had breached its contract of insurance. In rejecting the defendant's claim of work product privilege, the Court noted that:

> The majority of cases that have dealt with the issue of whether investigative materials prepared by insurance claims adjusters is work-product prepared in anticipation of litigation have held that since insurance companies have a routine duty to investigate accidents, such materials are not prepared in anticipation of litigation but are prepared in the ordinary course of business absent unique circumstances showing the contrary. (Citations omitted).

127 F.R.D. at 184. *See also Bogan v. Northwestern Mut. Life Ins. Co.*, 163 F.R.D. 460, 464 (S.D. N.Y. 1995) (same).

4.   Defendant's allegation that litigation is anticipated in all cases is insufficient to meet its burden of demonstrating that the documents withheld are protected by the work-product privilege, and plaintiff is entitled to a review of those

CASE NO: 00-6047-CIV-HURLEY

documents to determine if they are part of the ordinary claims process or actually prepared in anticipation of litigation.[1]

WE HEREBY CERTIFY that a true copy of the foregoing has been furnished by United States Mail this 25th day of July, 2000, to: ALAN S. ROSENBERG, ESQ., Luks, Koleos & Santaniello, P.A., Attorney for Conseco, 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, Florida 33301.

COONEY, MATTSON, LANCE,
BLACKBURN, RICHARDS & O'CONNOR, P.A.
Attorney for the Plaintiff
2312 Wilton Drive
Post Office Box 14546
Fort Lauderdale, FL 33302
(954) 568-6669

BY _____
MICHAEL C. MATTSON, ESQ.
Florida Bar No. 308242

---

[1] Of note, plaintiff has made no argument with respect to its underwriting materials, and plaintiff would request their production without further review.