UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,

    Plaintiff,

vs.

CONSECO LIFE INSURANCE COMPANY,
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

CASE NO. 00-6047-CIV-HURLEY
MAGISTRATE JUDGE FRANK J. LYNCH

### RESPONSE TO DEFENDANT'S MOTION TO STRIKE

Plaintiff STEVEN MEARS, by and through undersigned counsel, files this response to the defendant's motion to strike his motion to compel as follows:

1.    While the Local Rule cited by the defendant is quite specific in its requirements, plaintiff did identify the two requests that are at issue (although admittedly in a summarized fashion), attach the request, and clarify the objection to production of the requested documents.

2.    To the extent that plaintiff has failed to sufficiently comply with the local rules, however, he requests that the Court consider the following supplement to his motion to compel:

CASE NO: 00-6047-CIV-HURLEY

Plaintiff moves to compel better responses to requests for production numbers one and two. These requests, and the responses filed by the defendant are as follows:

1. The entire claim file for claim number 982924 maintained by Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company pertaining to Crystal L. Mears.

Response:

    Defendant, CONSECO, specifically objects to claim file materials which may be protected by Attorney-Client, Work Product Privileges. Much of the claim file materials and information were originated in anticipation of litigation or during the course of litigation. However, without waiving said objection, non-privileged portions of the claim file will be made available for copying and inspection at the undersigned counsel's office at a mutually agreeable date and time.

2. A copy of the complete file maintained by Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company pertaining to issuance of policy number 1090305893 issued to Crystal L. Mears including but not limited to insurance applications, insurance policies, delcaration pages, jackets, advertising materials, binders, riders, correspondence, business cards, medical records, etc.

Response:

    Any and all non-privileged documents in Defendant, CONSECO's possession, custody and control, at this time, will be provided for inspection and copying at the undersigned counsel's office at a mutually agreeable date and time.

CASE NO: 00-6047-CIV-HURLEY

3. Defendant did not provide, as evidenced by the correspondence attached to plaintiff's motion, any underwriting worksheets or post-claim internal memoranda, all of which the plaintiff now seeks to compel as discussed in his motion to compel.

WE HEREBY CERTIFY that a true copy of the foregoing has been furnished by United States Mail this 25th day of July, 2000, to: ALAN S. ROSENBERG, ESQ., Luks, Koleos & Santaniello, P.A., Attorney for Conseco, 515 East Las Olas Boulevard, Suite 1050, Fort Lauderdale, Florida 33301.

COONEY, MATTSON, LANCE,
BLACKBURN, RICHARDS & O'CONNOR,
P.A.
Attorney for the Plaintiff
2312 Wilton Drive
Post Office Box 14546
Fort Lauderdale, FL 33302
(954) 568-6669

BY _____
MICHAEL C. MATTSON, ESQ.
Florida Bar No. 308242