UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN MEARS,   CASE NO.:00-6047-CIV-HURLEY
   Magistrate Judge Lynch

    Plaintiff,

vs.

CONSECO LIFE INSURANCE COMPANY
f/k/a MASSACHUSETTS GENERAL
LIFE INSURANCE COMPANY,

    Defendant.
_____\

**DEFENDANT, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER FROM THE TAKING OF THE DEPOSITION OF THE PERSON WITH THE MOST KNOWLEDGE REGARDING UNDERWRITING UNILATERALLY SET BY PLAINTIFF FOR FRIDAY, OCTOBER 20, 2000**

Defendant, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY ("CONSECO"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c), as well as L.FLA.R. 26.1(H), respectfully requests an Order of Protection from the taking of the unilaterally set deposition of the Defendant's representative with the most knowledge regarding underwriting scheduled Friday, October 20, 2000 and further states as follows:

    1.    This is an action brought by Plaintiff to determine the existence or non-existence of insurance coverage under a life insurance policy and for breach of contract for death claim benefits allegedly owed to the Plaintiff.

    2.    The parties have been engaged in discovery and continue to engage in the discovery pursuant to this Court's Pre-Trial Scheduling Order setting this cause for Trial for the trial period commencing April 21, 2001.



CASE NO.:00-6047-CIV-HURLEY
Magistrate Judge Lynch
Page 2

3. Specifically, the deposition of Steven Mears has been taken on September 19, 2000. The deposition of the Decedent's treating physician, Dr. Sterghos, is set and will be taken on November 6, 2000. Mediation has also been scheduled for November 29, 2000.

4. On September 28, 2000, Plaintiff's counsel unilaterally set for deposition the Defendant's corporate representative with the most knowledge regarding underwriting for Friday, October 20, 2000, in Carmel, Indiana. While the Defendant has no objection to the taking of this Deposition, Defendant's counsel and the representative from the Defendant are completely unavailable on this unilaterally set date and cannot physically attend/defend this scheduled deposition. The uncancellable events causing the unavailability of defense counsel and Defendant's representative all occurred and were scheduled prior to the Notice of the deposition of the Defendant/Corporate Representative, and, specifically, preceded Plaintiff's unilateral notice for deposition of October 20, 2000.

5. Undersigned counsel has discussed and written to Plaintiff's counsel his unavailability and request for an additional, mutually agreeable dates to secure this deposition. However, counsel for Plaintiff has objected to the resetting of the deposition and has requested defense counsel to file the instant motion for protective order (attached hereto as composite Exhibit "A" are correspondence between counsel for Plaintiff and Defendant relating to this issue).

6. Absolutely no prejudice will come upon Plaintiff in securing the deposition of the Defendant, corporate representative with the most knowledge regarding underwriting, for late November, 2000 and/or at a mutually agreeable date and time. Great prejudice will come

CASE NO.:00-6047-CIV-HURLEY
Magistrate Judge Lynch
Page 3

upon the Defendant and/or its counsel should the deposition go forward October 20, 2000.

6. The Defendant has in good faith conferred or attempted to confer with Plaintiff in an effort to resolve the dispute without Court action but, and for good cause, has shown this Court the entitlement and need for relief from the unilaterally set deposition scheduled Friday, October 20, 2000.

**WHEREFORE**, Defendant, CONSECO LIFE INSURANCE COMPANY f/k/a MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY, respectfully requests this Honorable Court enter an Order of Protection from the unilaterally set Deposition scheduled for Friday, October 20, 2000 and requests any further relief this Court deems just, equitable and proper.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Facsimile and U.S. Mail to: MICHAEL C. MATTSON, ESQUIRE, Counsel for Plaintiff, Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., 2312 Wilton Drive, P.O. Box 14546, Ft. Lauderdale, Florida 33302 this 16th day of October, 2000.

Luks, Koleos & Santaniello, P.A.
SunTrust Centre, Suite 1050
515 E. Las Olas Boulevard
Fort Lauderdale, Florida 33301
(954) 761-9900
Attorneys for **CONSECO LIFE INSURANCE COMPANY**

By: _____
Daniel J. Koleos
Florida Bar No. 516325
Alan S. Rosenberg
Florida Bar No. 981400

E:\DOCS\MEARS.CON\PROTECT.MOT

LAW OFFICES
LUKS, KOLEOS & SANTANIELLO
A PROFESSIONAL ASSOCIATION

ONE MACK-CALI CENTER
501 E. KENNEDY BOULEVARD
SUITE 1275
TAMPA, FLORIDA 33602

TELEPHONE (813) 226-0081
FACSIMILE (813) 226-0082
E-MAIL LKS_TAMPA@AOL.COM

SUNTRUST CENTER
515 E. LAS OLAS BOULEVARD
SUITE 1050
FORT LAUDERDALE, FLORIDA 33301

INTERNET WWW.LKSPA.COM

REPLY ONLY TO:
FORT LAUDERDALE OFFICE

TELEPHONE (954) 761-9900
FACSIMILE (954) 524-1135
MIAMI (305) 377-8900
E-MAIL LKSPA@AOL.COM

October 3, 2000

**VIA FACSIMILE AND POST**

Michael C. Mattson, Esq.
Cooney, Mattson, Lance, Blackburn,
Richards & O'Connor
2312 Wilton Drive
P.O. Box 14546
Fort Lauderdale, Fl 33302

    RE:    **Steven Mears v. Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company**
            Case No.   :    99-020629 CACE 04

Dear Mr. Mattson:

    I am in receipt of your Notice of Taking Deposition of the Person with the Most Knowledge of Underwriting Guidelines for Ovarian Cysts. While I certainly have no objection to the eventual deposition of this person, please be advised that on October 20, 2000, I will be in Philadelphia, Pennsylvania and cannot attend this deposition. Therefore, at first, I respectfully request that we schedule this deposition for a mutually agreeable time.

    However, in lieu of this deposition, and others, I have suggested to Ms. Douglas the opportunity for an early, voluntary mediation in an effort to explore settlement and potential resolution without the need of depositions and protracted litigation. If your client is amenable to this opportunity, I respectfully request that we do that prior to securing any deposition testimony, without waiving any other rights by any party.

    In any event, I respectfully request that we reschedule this deposition for a mutually agreeable time and await your response to the exploration of early voluntary mediation.



Michael C. Mattson, Esq.
October 3, 2000
Page 2

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

ALAN S. ROSENBERG

ASR:cmo
cc:   Julia Marshall, Esquire
E:\DOCS\MEARS.CON\MATTSON.8

LAW OFFICES

## COONEY, MATTSON, LANCE, BLACKBURN
## RICHARDS & O'CONNOR, P.A.

P. O. BOX 14546
FORT LAUDERDALE, FLORIDA 33302

| | | |
|---|---|---|
| DAVID F. COONEY<br>MICHAEL C. MATTSON<br>ACE J. BLACKBURN, JR.<br>JOHN H. RICHARDS<br>DENNIS R. O'CONNOR<br>BRUCE M. TRYBUS<br>WALTER C. WYATT<br>KIERAN F. O'CONNOR<br><br>VICTOR LANCE (1956-1995) | 2312 WILTON DRIVE<br>FORT LAUDERDALE, FLORIDA 33305<br>TELEPHONE (954) 568-6669<br>FAX (954) 568-0085<br><br>AMSOUTH BANK CENTER<br>111 NORTH ORANGE AVENUE<br>SUITE 1020<br>ORLANDO, FLORIDA 32801<br>TELEPHONE (407) 843-2100<br>FAX (407) 843-2061 | MICHELE McCAUL RICCA<br>DANIEL F. TORDELLA<br>LAURA S. DOUGLAS<br>ELIZABETH F. McCAUSLAND<br>WARREN B. KWAVNICK<br>RACHELLE R. BOCKSCH<br>WESLEE S. ARCIOLA<br>ALPHONSO O. PEETS<br>ROBERT M. POTTER, III<br>JONATHAN M. MATZNER<br>RAYMOND J. FULLERTON, JR. |

PLEASE REPLY TO FORT LAUDERDALE

October 13, 2000

VIA FACSIMILE 524-1135
Alan Rosenberg, Esq.
Luks, Koleos & Santaniello
515 East Las Olas Blvd. #1050
Fort Lauderdale, Florida 33301

Re: The Estate of Crystal Mears, deceased
Our File Number: 99-0298

Dear Mr. Rosenberg:

I've spoken with Mr. Mattson regarding your request to reset mediation and the deposition set for Friday, October 20, 2000. While he has no objection to resetting the mediation, he does have an objection to resetting the deposition in light of your representation that it cannot be taken until the end November.

At this time, we are not re-scheduling the deposition and you will need to file a Motion for Protective Order.

Thank you for your attention to this matter.

Very truly yours,

LAURA DOUGLAS,
For the firm

LD:ja

# LUKS, KOLEOS & SANTANIELLO
A PROFESSIONAL ASSOCIATION

ONE MACK-CALI CENTER
501 E. KENNEDY BOULEVARD
SUITE 1275
TAMPA, FLORIDA 33602

TELEPHONE: (813) 226-0081
FACSIMILE: (813) 226-0082
E-MAIL: LKS TAMPA@AOL.COM

SUNTRUST CENTER
515 E. LAS OLAS BOULEVARD
SUITE 1050
FORT LAUDERDALE, FLORIDA 33301

INTERNET: WWW.LKSPA.COM

REPLY ONLY TO:
FORT LAUDERDALE OFFICE

TELEPHONE: (954) 761-9900
FACSIMILE: (954) 524-1135
MIAMI: (305) 377-8900
E-MAIL: LKSPA@AOL.COM

October 16, 2000

**VIA FACSIMILE AND POST**
Michael C. Mattson, Esq.
Cooney, Mattson, Lance, Blackburn,
Richards & O'Connor
2312 Wilton Drive
P.O. Box 14546
Fort Lauderdale, Fl 33302

RE: Steven Mears v. Conseco Life Insurance Company f/k/a Massachusetts General Life Insurance Company
Case No. : 99-020629 CACE 04

Dear Mr. Mattson:

It is unfortunate that you cannot cooperate and/or coordinate an alternative date for the deposition of the Person with the Most Knowledge regarding Underwriting on behalf of the Defendant. We have, as you know, reset the Mediation for November 29, 2000. Additionally, as you know, we are going forward with the deposition of Dr. Sterghos for November 6, 2000.

Forcing us to move for a protective order on a unilaterally set deposition upon which we are unable to attend due to the fact that I am in Philadelphia on other non-cancellable plans is both disingenuous and discourteous.

In any event, enclosed please find a copy of Defendant's Motion for Protective Order from the Taking of the Deposition of the Person with the Most Knowledge Regarding Underwriting, Unilaterally Set by Plaintiff for Friday, October 20, 2000.

Michael C. Mattson, Esq.
October 16, 2000
Page 2

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

ALAN S. ROSENBERG

ASR:cmo
Enclosure
cc:   Julia Marshall, Esquire
E:\DOCS\MEARS.CON\MATTSON.10